UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AKIDA COLE, #323175,

               Petitioner,                         Case Number: 1:19-cv-11335
                                                        Honorable Thomas L. Ludington

v.

PATRICIA RICE, ET AL.,

               Respondents.
_____/

## **ORDER OF SUMMARY DISMISSAL**

Akida Cole, a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff names three defendants: Patricia Rice, Paws With a Cause, and Michael Sapp, Jr. PlaintiffD alleges he was wrongfully excluded from the Paws With a Cause program. He seeks injunctive and monetary relief. Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

**I.**

Plaintiff alleges that, on October 24, 2017, he signed a contract with Paws With a Cause, a dog program which allows prisoners to train future assistance dogs. The contract provided that, if a prisoner is found guilty of a class I or II misconduct, the prisoner "will

come before the review of the Warden, Deputy Warden, and Program Coordinator as to their continuance in the program." *See* Cooper Street Correctional Facility Dog Program Rules, ¶ 23, ECF No. 1, Pg. ID 18. Sometime after signing the contract, Plaintiff was found guilty of a class I misconduct. Defendant Rice removed Plaintiff from the program, without first providing him with review before the Warden, Deputy Warden, and Program Coordinator. Plaintiff claims the failure to provide him with review in accordance with the contract denied him due process.

Plaintiff filed a grievance regarding his exclusion from the program. A short time later, Defendant Rice revised the contract to remove the review language from the contract. Plaintiff argues that she did so in retaliation for his filing a grievance.

Finally, Plaintiff argues that defendants' actions may impact the length of his confinement because participation in a prison program or job may positively impact his eligibility for parole.

**II.**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds

to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.**

Plaintiff's claims arise from his dismissal from the prison dog-training program. He names as defendants Patricia Rice, an MDOC employee who terminated Plaintiff from the program, the Paws With a Cause organization, and Michael Sapp, Jr., a supervisor with Paws With a Cause. Plaintiff fails to state a claim upon which relief may be granted.

First, the Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A prisoner has no constitutionally protected right to a prison job or a particular prison wage. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (holding that an inmate has no constitutionally protected property or liberty interest in prison employment); *Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job). Plaintiff, therefore, fails to state a due process claim arising from his termination from the dog-training program.

Plaintiff also alleges that the program termination violated his right to due process because it negatively impacted his parole eligibility. He claims that he was entitled to due process before being terminated because holding a prison job or participating in a prison program is required for parole eligibility.

There is no right under the United States Constitution for a person lawfully convicted to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). A claim of entitlement to parole "can be created only by the operation of state law." *Crump v. Lafler,* 657 F.3d 393, 397 (6th Cir. 2011). A state has no constitutional duty to establish a parole system, and the establishment of a parole system does not, by itself, give rise to a

constitutionally-protected liberty interest in parole. *Greenholtz*, 442 U.S. at 7, 11. Rather, a protected liberty interest exists only if state law entitles a prisoner to release on parole. The Sixth Circuit Court of Appeals has held that Michigan law does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Crump,* 657 F.3d at 404. Because Plaintiff has no liberty interest in parole, his due process claim fails.

Finally, Plaintiff alleges that Defendants retaliated against him for filing a grievance by changing the rule regarding disciplinary violation and the dog-training program. When Plaintiff began participation in the dog training program, the program rules provided for review by the Warden, Deputy Warden, and Program Coordinator in the event of a disciplinary violation. Plaintiff alleges that, at some point after he filed a grievance, the rules were changed to remove the review provision.

To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct, and (3) there is a casual connection between the first two elements, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not satisfied his burden. He asserts, without offering any factual support, that the defendants retaliated against him. This assertion of "merely the ultimate fact of retaliation" is insufficient to state a claim. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). Allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *Id.* (citing cases). Further, Plaintiff does not explain how changing the criteria for the dog-training program adversely affected him because he was terminated from the program prior to the change. Plaintiff fails to state a plausible claim for retaliation.

**IV.**

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED.**

An appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

SO ORDERED.

Dated: July 9, 2019                                                     s/Thomas L. Ludington
                                                                                          THOMAS L. LUDINGTON
                                                                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Akida Cole** #323175, COOPER STREET CORRECTIONAL FACILITY, 3100 COOPER STREET, JACKSON, MI 49201 first class U.S. mail on July 9, 2019.

                                                 s/Kelly Winslow
                                                 KELLY WINSLOW, Case Manager