UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AKIDA COLE, #323175,

        Plaintiff,                   Case Number: 1:19-cv-11335
                                                    Honorable Thomas L. Ludington

v.

PATRICIA RICE, ET AL.,

        Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION**

Michigan prisoner Akida Cole filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and named three defendants: Patricia Rice, Paws With a Cause, and Michael Sapp, Jr. Plaintiff alleged that he was wrongfully excluded from the Paws With a Cause program, a dog program which allows prisoners to train future assistance dogs. Cole was granted leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). His complaint was subsequently dismissed for failure to state a claim upon which relief could be granted. (ECF No. 6.) Cole has now filed a "Request for Consideration for Rehearing/Rescreening." (ECF No. 8.) The request will be construed as a motion for reconsideration.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R.

7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Cole's complaint concerned his dismissal from a prison dog-training program, Paws With a Cause, after he was found guilty of a "Class I misconduct." Cole asserted that defendants violated his right to due process by dismissing him from the program without first providing a review of his case by the Warden, Deputy Warden, and Program Coordinator as described in the prison's dog program rules and policies. He also argued that Defendants retaliated against him for filing a grievance by amending the dog-training program rules to eliminate the review provision.

The Court held that, because Cole had no constitutionally protected property or liberty interest in the dog-training program, he could not establish a due process violation. The Court also determined that the complaint failed to state a cognizable retaliation claim because Cole failed to allege an adverse action taken against him.

Cole's motion for reconsideration essentially restates the arguments already advanced in the complaint. Disagreement with a decision fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Cole's argument that the dog-training program's rules created a liberty interest in the program is unavailing because the failure to follow a prison policy or procedure does not, by itself, rise to the level of a constitutional violation. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (holding that "[f]ailing to follow proper procedures is insufficient to establish an

infringement of a liberty interest"). His retaliation claim is also meritless because the alleged adverse action (changing the dog-training program rules) was not adverse to Cole's interests. Cole already had been dismissed from the program when the rules were amended and, therefore, could not be adversely affected by the change.

The Court's decision dismissing the complaint was not based upon a palpable defect by which the Court was misled.

Accordingly, it is **ORDERED** that Plaintiff's "Request for Consideration for Rehearing/Rescreening", ECF No. 8, is **DENIED**.

Dated: November 20, 2019                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Akida Cole** #323175, COOPER STREET CORRECTIONAL FACILITY, 3100 COOPER STREET, JACKSON, MI 49201 by first class U.S. mail on November 20, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager